No. 8103.

PALMER *v.* GALBREATH ET AL.

REPLEVIN BAIL.—*Execution.*—*Judgment.*—*Levy.*—*Justice of the Peace.*—Where the replevin bail upon a judgment rendered by a justice of the peace procures the issuance of an execution on such judgment, within the time allowed by law for the stay thereof, without the affidavit and notice required by section 94, 2 R. S. 1876, p. 635, such execution is unauthorized, and the constable may return it without making a levy.

SAME.—*Right to Control Execution.*—A replevin bail has no right to direct or control an execution issued on a judgment after the expiration of the stay of execution thereon, without having first paid off the judgment.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans,* for appellant.
*A. G. Wood* and ―――― *Brubaker,* for appellees.

FRANKLIN, C.—Appellees filed before a justice of the peace a complaint against appellant to have satisfaction entered of a judgment rendered before said justice for $238.73, on confession, against one Henry Hays and in favor of said appellant, upon which said appellees had become replevin bail. The cause got into the circuit court by some means which are not shown by the record, where, on leave of the court, appellees filed an amended additional third paragraph to their complaint. Each paragraph of the complaint was separately demurred to. Demurrers overruled, and excepted to. No written answer was filed. Trial by jury. Verdict and judgment for appellees.

Among the errors assigned is the overruling of the separate demurrers to each paragraph of the complaint. We see no error in overruling the demurrers to the first and second paragraphs of the complaint.

The third paragraph of the complaint reads as follows: "And for a third amended and further cause of complaint the plaintiffs say that the defendant Osiah Palmer obtained judgment against Henry W. Hays, on the docket of J. W. Stinson, justice of the peace of Washington township, and

that said plaintiffs became replevin bail thereon for said Hays; that afterwards, to wit, on the 15th day of April, 1876, the said J. W. Stinson, justice of the peace as aforesaid, issued, at the request of plaintiffs, an execution against the property of the said Henry Hays, as principal, and said plaintiffs, as replevin bail, on said judgment, in favor of said defendant, and caused the same to be placed in the hands of Benjamin Wooden, the acting constable of said township; that said Henry W. Hays had in his possession personal property, subject to levy and sale on execution, sufficient to fully pay and satisfy said execution; that said plaintiffs, who were then and there replevin bail on said judgment, requested the said constable to levy on the property of said Henry Hays, the judgment debtor, and that they showed said constable property belonging to said Henry Hays, that was subject to execution, and requested him to levy on the said property. Plaintiffs further aver that the said constable, who then and there held said execution, refused and neglected to make said levy on said property of said execution defendant, but returned the same to said justice; that said return was made at and by the request of said Palmer. Plaintiffs further aver that afterward said Henry W. Hays filed his petition in bankruptcy, and became insolvent; that if said defendant Palmer had allowed said constable to have taken said property turned out by said plaintiffs on said execution to said constable, to be sold as directed, there would have been sufficient money made to fully pay and satisfy said execution. Wherefore plaintiffs demand judgment for satisfaction of said judgment, and for all other relief."

The demurrer presents the question as to whether this paragraph states facts sufficient to constitute a cause of action. The 94th section of the justice of the peace act, 2 R. S. 1876, p. 635, reads as follows: "Any replevin bail desirous of being discharged from his liability, may make affidavit that he is apprehensive of being made liable thereon, if exe-

cution be farther delayed ; and on the filing of such affidavit, the justice shall cause the defendant to be notified in writing, that unless he give other replevin bail, execution will issue thereon, and if such defendant shall not, within three days after service of such notice, give other bail, execution shall issue in the same manner as if the stay had expired.''

This paragraph does not state that the execution was issued within the time that the replevin bail had a right to have it issued, and does not allege that any affidavit had been filed previous to its issue ; neither does it show that the principal judgment defendant was notified to give new replevin bail. If this execution was issued within the time allowed for stay, without the necessary affidavit and notice, it was unauthorized, and the constable might return it without a levy. If it was issued after the time for stay had expired, the replevin bail had no right to direct or control it, without having first paid off the judgment. And there is nothing in the paragraph showing a satisfaction of the judgment, either by payment or a sufficient levy.

This paragraph is insufficient to authorize an order declaring the judgment satisfied. If appellees have any remedy growing out of the facts pleaded, it could be made to appear in an injunction proceeding, commenced in the circuit court.

We think the court erred in overruling the demurrer to the third paragraph of the complaint. And, as the cause must be reversed for this error, it is unnecessary to notice the other assignments of error. The questions may not again arise in the subsequent trial of the cause.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, in all things reversed, at the costs of the appellees, and that the same be remanded to the court below, with instructions to sustain the demurrer to the third paragraph of the complaint, and for further proceedings.